[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12964
Non-Argument Calendar
_____

Agency No. A206-373-004


JEFFRY XAVIER MOLINA-SALAZAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 13, 2019)

Before MARTIN, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Jeffry Xavier Molina-Salazar, a native and citizen of Honduras, petitions for

review of a decision of the Board of Immigration Appeals (BIA) denying his

application for asylum.  After careful review, we dismiss the petition in part and deny it in part.

In Honduras, the Maras gang targeted Molina-Salazar for recruitment.  Gang members threatened to harm or kill him if he refused to join.  On one occasion, gang members assaulted him, causing his face to swell up.  Fearful of further harm, Molina-Salazar fled to the United States and applied for asylum.[1]

To qualify for asylum, an applicant must show "(1) past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion; or (2) a well-founded fear of future persecution on account of" one of the protected grounds.  Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006) (per curiam).  To meet this standard, an applicant must show he was persecuted based on one of the protected grounds.  Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007) (per curiam).  In his application, Molina-Salazar said that the Maras gang's recruitment efforts amounted to persecution on account of his membership in a particular social group, namely, students who oppose gang conscription.

The Immigration Judge (IJ) determined that Molina-Salazar did not qualify for asylum.  One reason for denying the application was the IJ's conclusion that

---

[1] Molina-Salazar also applied for withholding of removal, and the BIA denied the application. Molina-Salazar does not appeal that denial.

Molina-Salazar had not shown persecution on account of his proposed particular social group. The IJ said it "seems apparent" Molina-Salazar "was targeted on account of his youth, and that whether he was attending school or not, persons similarly situated would be targeted for recruitment."

Molina-Salazar appealed to the BIA, arguing that his youth should qualify him as a member of a particular social group, namely, young people targeted by gangs. He did not renew his argument that his status as a student made him a member of a particular social group. Neither did he argue that his status as a student motivated the gang's recruitment efforts. The BIA affirmed, concluding Molina-Salazar offered no evidence that he was targeted for recruitment because he was a student. Based on its binding precedent, the BIA implicitly rejected his argument that his youth made him a member of a particular social group. See Matter of S-E-G-, 24 I. & N. Dec. 579, 588 (BIA 2008) (ruling that Salvadoran youth who refused gang recruitment do not constitute a particular social group). Molina-Salazar petitions for review of the BIA decision.

"We review questions concerning our jurisdiction de novo." Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350 (11th Cir. 2005) (per curiam). We lack jurisdiction over claims raised in a petition for review that were not raised before the BIA. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam); see 8 U.S.C. § 1252(d)(1). This rule applies even where the

BIA <u>sua sponte</u> denies asylum on a ground the parties did not raise.[2]  Amaya-

Artunduaga, 463 F.3d at 1250–51.

Since Molina-Salazar never argued to the BIA that gangs targeted him

because he was a student, our precedent does not allow us to review the BIA's

ruling to that effect.[3]  We also lack jurisdiction to consider the particular social

group Molina-Salazar proposes for the first time in his opening brief to this Court:

impoverished Honduran students who lack parental figures and become targets of

forcible gang recruitment.  He never asked for this social group to be recognized in

his immigration proceedings.  This Court cannot recognize such a group in the first

instance on appeal.

Molina-Salazar also argues the BIA improperly reached out to rule that he

did not belong to a particular social group when the IJ never ruled on this issue.

Molina-Salazar says this deprived him of an adequate opportunity to appeal the

IJ's ruling.  He says the BIA should have remanded to the IJ for further

proceedings rather than deciding the issue itself.  Yet contrary to what Molina-

---

[2] This Court seems to be alone in holding that we have no jurisdiction to review issues the BIA <u>sua sponte</u> addresses on administrative appeal.  See <u>Lin v. Att'y Gen.</u>, 543 F.3d 114, 123 (3d Cir. 2008) ("[O]f the approximately seven courts of appeals to address whether the BIA's decision to consider an issue provides the court with jurisdiction over the petition for review, only one per curiam opinion by the Court of Appeals for the Eleventh Circuit would find a court without jurisdiction in a case such as this one.").

[3] And in any event, Molina-Salazar conceded in this Court that students who oppose forcible gang recruitment are not a particular social group in Honduras.

Salazar says, the IJ expressly addressed Molina-Salazar's proposed social group of "students who oppose forcible gang conscription." The IJ then found Molina-Salazar did not show the gangs targeted him because of his status as a student. Properly read, the IJ rejected Molina-Salazar's asylum application because he did not show some connection between membership in his proposed particular social group and the persecution he suffered. Molina-Salazar was free to appeal this determination, but he did not.

To the extent Molina-Salazar argues the BIA should have remanded to the IJ instead of making an implicit ruling that youth subject to gang recruitment are not a particular social group in Honduras, we see no error. Molina-Salazar proposed this particular social group in his own brief to the BIA. He cannot now claim the BIA should not have considered it. Further, the BIA's precedent bound it to reject youth subject to gang recruitment as a particular social group. See Matter of S-E-G-, 24 I. & N. Dec. at 588. It was no error for the BIA to follow a binding decision rather than remand the case.

We would ordinarily review de novo the BIA's ruling that a proposed group does not count as a "particular social group" under the asylum statute, though we defer to the BIA's ruling if the BIA reasonably construed the statute. Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1195–96 (11th Cir. 2006). But Molina-Salazar does not contest the BIA's ruling that youth subject to forcible gang

5

recruitment do not count as a particular social group.  Because he does not contest the ruling on its merits, we will not review it.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681–82 (11th Cir. 2014).

In sum, we are without jurisdiction to review the BIA's determination that Molina-Salazar failed to show the Maras gang recruited him or assaulted him because he belongs to a particular social group.  That ruling must therefore stand. Molina-Salazar's inability to show a connection between a particular social group and the persecution he says he suffered defeats his asylum claim.  Rodriguez, 488 F.3d at 890.  Because Molina-Salazar cannot prevail in this appeal, we do not address his remaining arguments.

**PETITION DISMISSED IN PART AND DENIED IN PART**.